UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY JOSEPH HOFFMAN, a/k/a, JOE HOFFMAN | ) ) ) | |
| Plaintiff, | ) ) | No. 4:14 CV 1558 DDN |
| v. | ) ) ) | |
| NTW, LLC, d/b/a NATIONAL TIRE & BATTERY, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This action is before the court on the motion of plaintiff to designate out of time portions of the video deposition of his treating physician, Daniel Martin, MD, which deposition is currently scheduled to be taken on October 19, 2016. (ECF No. 82.) Defendant objects to plaintiff's motion and moves to quash the deposition setting. (ECF No. 83.)

Plaintiff will be allowed to depose his treating physician out of time. In its Case Management Order, the court ordered the parties to exchange Rule 26(a)(1) disclosures not later than December 15, 2014. Plaintiff was required to disclose all his expert witnesses and to provide their reports not later than October 15, 2015; plaintiff's experts' depositions were to be taken not later than November 15, 2015. (ECF No. 18.)

Following defendant's March 27, 2015 motion to compel plaintiff to file his Rule 26(a)(1) disclosure (ECF No. 22), plaintiff filed his "first supplemental disclosures" on March 31, 2015. (ECF No. 24.) Those disclosures included, as "an individual likely to have discoverable information that [plaintiff] may use" to support his claim, the name of Dr. Daniel J. Martin, Jr., MD, his business address and phone number. The disclosure also indicated that Dr. Martin would be the source of evidence regarding "Plaintiff's injuries and damages". (*Id.*)

On May 26, 2015, defendant moved for plaintiff to answer its interrogatories, which included information about expert witnesses plaintiff intended to call at trial. (ECF No. 32-1 at 5.) On June 4, 2015, at the hearing on the motion, the court ruled from the bench, denying the

motion to compel without prejudice. (ECF Nos. 34, 35.) The court has reviewed the audio record of this hearing. The reasons the motion was denied included the facts that plaintiff was delinquent in providing his written authorization for counsel, including his own, to obtain relevant treating records of the relevant hospital and physicians who included Dr. Martin. Further, the record indicates that defendant's counsel had all the records that plaintiff's counsel had, that the court stated its position that no party would be allowed to offer into evidence at trial evidence that was requested during the usual pretrial discovery processes but was not provided, and that plaintiff's counsel would provide defendant's counsel with all information and evidence plaintiff acquires. (*Id.*)

Plaintiff argues the court ought not to quash the deposition notice, because defendant's invocation of the Case Management Order's statement did not relate to expert witness reports.[1] The court regrets that the Case Management Order's reference to Rule 26(b)(2) was an inadvertent typographical error. However, the court now corrects that reference to Federal Rule of Civil Procedure 26(a)(2). The textual material in that sentence of the Case Management Order will be applied as though it referred to Rule 26(a)(2) and the rule's requirement that the party proffering an expert submit a formal expert report that complies with Rule 26(a)(2).

This ruling will not prejudice plaintiff, because plaintiff intends to limit the deposition of Dr. Martin "to his diagnosis and treatment of Plaintiff, including causation and prognosis." (ECF No. 84 at 6.) Whether Dr. Martin's treatment of plaintiff included opinions about causation and prognosis depends on whether opinions about causation or prognosis are reasonably indicated in or reflected in the examination and treatment records of Dr. Martin's providing care to plaintiff. Any opinion rendered by Dr. Martin in his deposition, to be admissible at trial, must be reasonably reflected in the written records of his treatment of plaintiff. An objection to Dr. Martin's testimony during the course of his deposition will be ruled by the court at an appropriate time thereafter, and will not be a sufficient reason to limit or terminate the deposition.

---

[1] The portion of the Case Management Order at issue is as follows: "As to any opinion not expressly disclosed in a medical record or report (e.g., causation, prognosis), a party's treating physician will be considered an expert witness subject to Federal Rule of Civil Procedure 26*(b)(2)* as to undisclosed opinions." (ECF No. 18 at 4) (emphasis added).

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiff for leave to designate Dr. Martin's deposition testimony out of time (ECF No. 82) is sustained.

**IT IS FURTHER ORDERED** that the motion of defendant to quash the deposition of Dr. Martin (ECF No. 83) is denied.

      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 11, 2016.